## Brownstein, to use, v. Patterson Building and Loan Ass'n.

*Barnett Cohen,* for plaintiff; *George M. Henry,* for defendant.

SMITH, P. J., May 18, 1931.—The parties to this suit have agreed upon and submitted a case stated for determination by this court.

The controlling facts, under this case stated, are that on October 29, 1919, Louis Kaskey owned premises No. 2710 Silver Street, in the City of Philadelphia, upon which there was a mortgage of $1500; that he placed a second mortgage thereon, taken by the defendant building and loan association, in the sum of $500, and as collateral to secure the loan of $500 Kaskey subscribed for and assigned to the building and loan association five shares of its stock, under and subject to certain conditions, among which were that Kaskey "expressly agreed that the said association may, at its option, apply the value

of said stock as a credit on any judgment entered for said mortgage debt, at any time after the entry of such judgment." The said stock was not to be otherwise assigned, except subject to the rights of the building and loan association. On February 18, 1920, Kaskey conveyed said premises to Cora Brownstein, subject to the payment of the $500 mortgage, and at the same time Cora Brownstein executed to the defendant her collateral bond for the payment of said $500 to said building and loan association, and, coincident therewith, the said five shares of stock in the defendant association were transferred from Kaskey to Cora Brownstein, subject, however, to the lien of the association upon said stock. On January 2, 1925, Cora Brownstein conveyed said premises to Ella Rose, again subject to the payment of the $500 mortgage debt owing to defendant, she (Ella Rose) giving to the defendant association her separate bond to secure the payment of said $500 loan, and at the same time said five shares of stock in the defendant association were assigned to Ella Rose, subject to the prior lien of the association upon the stock. On February 2, 1925, the premises were sold at sheriff's sale under a judgment against Cora Brownstein, which was a lien subsequent to said $1500 and $500 mortgages. At this time there was no default upon either of said mortgages. On or about April 1, 1925, the purchaser of the premises at sheriff's sale received from the defendant association a statement of the balance due on said $500 mortgage, which indicated that after applying the value of said five shares of stock, the balance due the association was $104.93. A check for this amount was sent to the defendant association by the Commonwealth Title Insurance and Trust Company on May 7, 1925, with the request to satisfy the $500 mortgage. Defendant notified the Commonwealth Title Insurance and Trust Company that before the mortgage could be satisfied it would be necessary to have a transfer of the stock which was then standing in the name of Ella Rose. This request was not met and the stock was not transferred or surrendered by Ella Rose; and the check for $104.93 was returned to the Commonwealth Title Insurance and Trust Company. Subsequently, the dues, interest and fines accruing upon said $500 mortgage held by the defendant became in arrears, and on May 13, 1926, judgment was entered by defendant on the bond of Kaskey accompanying the $500 mortgage in this court. A fieri facias issued on said judgment, the damages being assessed at $139.82, after appropriating to and applying against the principal of the mortgage the value of the five shares of stock held by the building and loan association as collateral security. On August 26, 1926, the Commonwealth Title Insurance and Trust Company paid to defendant the sum of $179.73 in satisfaction of said judgment and costs, and the defendant entered satisfaction upon the record of said mortgage of $500.

The plaintiff claims the sum of $395.07, being the cash value of said five shares of stock held by the defendant as collateral at the time of the tender of the $104.93 by the Commonwealth Title Insurance and Trust Company, which tender was refused because of the failure to assign the interest of Ella Rose in said shares of stock.

The case stated provides: "If the court be of opinion that the appropriation of the value of the stock to the mortgage indebtedness, made May 13, 1926, by the defendant association, was improper and illegal, then plaintiff is entitled to judgment for the sum of $395.07; otherwise judgment shall be entered for defendant."

The court is clearly of opinion and concludes that the appropriation of the value of the stock to the mortgage indebtedness as made by defendant on May 13, 1926, was proper and authorized by the terms of the assignment of

the stock by Kaskey, subject to which all other parties took their interests in this stock. The court is also of opinion, and so concludes, that the defendant building and loan association was within its rights in declining to satisfy the mortgage upon the tender of the check for $104.93 on May 7, 1925, by the Commonwealth Title Insurance and Trust Company without a transfer or surrender of the interest in the stock outstanding in Ella Rose.

Kaskey assigned this stock to the defendant association as security for the payment of the $500 loan with the express agreement that its value could be applied on any judgment entered for said mortgage debt. Every subsequent assignment of this stock was expressly subject to the Kaskey assignment. When the value of the stock was applied to the mortgage debt and the mortgage satisfied, all the conditions of the original assignment of Kaskey were met. The value was applied to the judgment secured upon this mortgage debt after default in payment of the dues, interest, etc., accruing upon the mortgage. The application of the value of the stock to the judgment on the mortgage debt and the satisfaction of the mortgage on payment of the balance due were regular and authorized by the terms of the assignment under which the stock was held by the defendant association.

At the time of the tender of the check for $104.93 on May 7, 1925, there was no default in payment of the dues, interest and fines on the $500 mortgage or the said five shares of stock, and there was nothing under the terms of the Kaskey assignment that would have warranted the defendant association in canceling said shares and satisfying the mortgage, presumably at the instance of the purchaser at sheriff's sale. Such action upon the part of the defendant would have wiped out any interest Cora Brownstein or Ella Rose might have had in said shares of stock without any default on their part. Here, again, the defendant association was within its rights and acted wisely and properly in declining to cancel said shares of stock without any default on the part of the holder.

Judgment will have to be entered in favor of the defendant.

And now, to wit, May 18, 1931, judgment upon the case stated is directed to be entered in favor of the defendant.